IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:25-cv-02007-SHM-tmp |
| ) | |
| CORECIVIC, ET AL., ) | |
|    Defendants. ) | |

**ORDER DENYING PENDING MOTIONS (ECF NOS. 2, 3, 7, 9 & 11)**

On January 3, 2025, Plaintiff Boaz Pleasant-Bey, Tennessee Department of Corrections number 473110 filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1); a motion to proceed *in forma pauperis*, request for federal marshal's service, and request for counsel (ECF No. 2); a motion to certify a constitutional challenge and a special request for appointment of counsel (ECF No. 3); and a notice of constitutional question (ECF No. 4). When Pleasant-Bey filed the complaint, he was confined at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. (ECF No. 1-2.) On January 14, 2025, the Court ordered Pleasant-Bey to file a completed *in forma pauperis* affidavit and trust account statement or pay the $405.00 civil filing fee. (ECF No. 6.) On February 5, 2025, Pleasant-Bey filed a motion for extension of time to pay the filing fee. (ECF No. 7.) On February 7, 2025, Pleasant-Bey paid the filing fee. (ECF No. 8.)

On February 12, 2025, Pleasant-Bey filed a second motion for extension of time to pay the filing fee. (ECF No. 9.) On February 24, 2025, Pleasant-Bey filed "Plaintiff's First Amended Complaint" (hereinafter the "Amended Complaint", ECF No. 10) and a motion to order the TDOC

Commissioner to provide Pleasant-Bey's legal USB drive or to order the Clerk of Court to provide copies (ECF No. 11).

The complaint is based on incidents that occurred during Pleasant-Bey's incarceration at the SCCC and the Turney Center Industrial Complex ("TCIC"). (*See* ECF Nos. 1 & 10.) The complaint is liberally construed to assert claims for First, Fifth, Sixth, Eighth, and Fourteenth Amendment violations of free speech, freedom of religion, equal protection, conditions of confinement, cruel and unusual punishment; violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*; conspiracy; state law claims; and challenges to the constitutionality of certain state laws. (ECF Nos. 1 & 10 at PageID 1-48, 97-143.) Pleasant-Bey names two Defendants: (1) CoreCivic f/n/a Corrections Corporations of America; and (2) the Tennessee Department of Corrections (the "TDOC"). (ECF No. 10 at PageID 97-98.) Pleasant-Bey sues each Defendant in its individual and official capacities. (ECF No 10 at PageID 97.)

Pleasant-Bey seeks: a) monetary relief "in an amount to be determined at trial"; b) compensatory damages; c) punitive damages; d) damages for "emotional and mental distress and anguish"; e) declaratory and injunctive relief "non-monetary" for RLUIPA violations; f) protection from retaliation including retaliatory transfers; g) reimbursement of costs for "court fees, copies, mailing expenses, and for all expenses associated with the data entry and editing services conducted by: The Pleasant-Bey Legal Initiative"; h) "[s]eparate [p]ro [b]ono [a]ttorney [f]ees; and i) any other relief the Court deems "just and proper." (ECF Nos. 1 & 10 at PageID 47, 143.)

Pleasant-Bey's Pending Motions (ECF Nos. 2, 3, 7, 9 & 11) are before the Court.

I. **Motion to Proceed *in Forma Pauperis* (ECF No. 2) & Motions for Extensions of Time to Pay Filing Fee (ECF Nos. 7 & 9)**

Pleasant-Bey seeks to proceed *in forma pauperis*. Pleasant-Bey did not comply with the Court's January 14, 2025 order directing him to file a completed *in forma pauperis* affidavit and trust account statement. Instead, on February 7, 2025, Pleasant-Bey paid the civil filing fee in full. (ECF No. 8.) Pleasant-Bey's request to proceed *in forma pauperis* is **DENIED.**

The motions for extension of time to pay filing fee (ECF Nos. 7 & 9) are **DENIED AS MOOT**.

II. **Request for Federal Marshal's Service (ECF No. 2)**

Pleasant-Bey argues, based on 28 U.S.C. § 1915(d), that when a plaintiff proceeds *in forma pauperis*, the Court shall issue and serve all process and perform all duties. Pleasant-Bey has paid the civil filing fee and been denied *in forma pauperis* status. (ECF No. 2 at PageID 77.) He relies on Fed. R. Civ. P. 4(c)(3) to argue that the United States Marshal's Service is obligated to effectuate service for a plaintiff who is proceeding *in forma pauperis*. (*Id.* at PageID 78.)

The Court has denied Pleasant-Bey's motion to proceed *in forma pauperis*. Because no rule requires the United States Marshal to issue service in this case, Pleasant-Bey's request for the assistance of the United States Marshal to issue service of process (ECF No. 2) is **DENIED**.

III. **Appointment of Counsel (ECF No. 3)**

Pleasant-Bey makes two requests for appointment of counsel. (*See* ECF Nos. 2 & 3.) Pleasant-Bey alleges that the "factual and legal issues" involved in his case are complex. (ECF No. 2 at PageID 78.) Pleasant-Bey alleges that his "unprecedented complaint of such magnitude" meets the "exceptional circumstances" for the appointment of counsel. (*Id.*) Pleasant-Bey alleges that "the nature of the complaint, Plaintiff's appointment in the State criminal proceedings of several [CoreCivic] invested court appointed criminal defense lawyers, the unprecedented issues"

prevent Pleasant-Bey from "adequately" representing himself without appointed counsel. (ECF No. 3 at PageID 82.) Pleasant-Bey seeks to have counsel "not having investments with [CoreCivic]" appointed to represent him. (*Id.* at PageID 83.)

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id.*

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *see Lavado*, 992 F.2d at 60405. A court generally will appoint counsel only in "exceptional circumstances." *Id*. at 60506; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

After considering Pleasant-Bey's motion for appointment of counsel, including the type and nature of the case, its complexity, and Pleasant-Bey's ability to prosecute his claims[1], counsel is not necessary at this time to ensure Pleasant-Bey's claims are fairly heard. *See Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The issues in this case are not complex, and the complaint's assertions do not demonstrate exceptional circumstances warranting appointment of counsel at this time. *See Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002). Pleasant-Bey has filed an amended complaint and five motions. (*See* ECF Nos. 2, 3, 7, 9, 10 & 11.) From those filings, it appears that Pleasant-Bey can prosecute his claims from prison. Like all prisoners proceeding *pro se* before the Court, Pleasant-Bey must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. The Court cannot act as counsel for Pleasant-Bey. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants).

Pleasant-Bey's motions for appointment of counsel (ECF Nos. 2 & 3) do not demonstrate exceptional circumstances warranting appointment of counsel. The request to appoint counsel is **DENIED**, subject to Pleasant-Bey's right to re-file an application for counsel if the case proceeds.

## IV. <u>Motion to Certify (ECF No. 3)</u>

Pleasant-Bey requests the Court, pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, to certify a constitutional challenge to Tenn. Code Ann. §§ 39-13-522 (the criminal statute for rape of a child) and 41-21-211 (a statute providing bibles "which the inmate may be permitted to peruse"). (ECF No. 3.)

---

[1] Pleasant-Bey has represented himself in prior civil rights litigation and reached a settlement. *See Pleasant Bey v. Shelby County, et al.*, 2:17-cv-2502-TLP-tmp (W.D. Tenn.).

5

Pursuant to 28 U.S.C. § 2403(b) certification is not necessary when an agency or employee of the State is a party to the suit. Pleasant-Bey has named the Tennessee Department of Correction, an agency of the State of Tennessee, as a defendant. Pleasant-Bey's motion to certify is therefore unnecessary and **DENIED**.

### V.     Motion to Order TDOC Commissioner to Provide Legal USB Drive or to Order Clerk's Office to Provide Copies (ECF No. 11)

Pleasant-Bey alleges the "USB/Flash Drive" containing all of his legal paperwork was "confiscated" at TCIC when he was transferred on February 4, 2025. (ECF No. 11 at PageID 147.) Pleasant-Bey alleges he is unable to print a copy of his "original complaint" or the "motion to amend the complaint[2]." (*Id.*) Pleasant-Bey alleges the confiscation of his USB drive prevents him "from sending a copy of the summons and the complaint to the Defendants" and deprives him of his "First Amendment Freedoms[.]" (*Id.* at PageID 148.) Pleasant-Bey seeks an order requiring the TDOC Commissioner to require the return of his "confiscated" USB drive or for the Clerk to provide Pleasant-Bey "with sufficient copies of the original complaint along with the motion to amend the original complaint to permit Plaintiff to timely serve Defendants[.]" (*Id.* at PageID 149.)

Pleasant-Bey's case has not been screened. The case is not ripe for the issuance of summons. To the extent Pleasant-Bey may later seek copies of specific documents in the file for service of process, he may request those copies from the Clerk of Court and pay the appropriate fee.[3]

---

[2] The Court construes Pleasant-Bey's reference to a "motion to amend the complaint" to refer to the Amended Complaint (ECF No. 10).

[3] Copies are $.50 per page. *See* United States District Court, Western District of Tennessee, *Fees, Local Fee*, https://www.tnwd.uscourts.gov/local-fees (last accessed June 6, 2025).

Pleasant-Bey's motion to order TDOC Commissioner to provide Pleasant-Bey's legal USB drive or to order Clerk's office to provide copies (ECF No. 11) is **DENIED.**

Pleasant-Bey is **ORDERED** to notify the Court immediately, in writing, of any change of address. If Pleasant-Bey fails to abide by this requirement or any other requirement of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED** this  6th  day of June, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE